IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION ET AL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARLOS LEON,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 11-00400 SI<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |

Currently before this Court is plaintiff's motion to remand this unlawful detainer case back to Alameda County Superior Court. Pursuant to an order shortening time, the motion is scheduled to be heard on March 25, 2011. Defendant's opposition was due on March 21, 2011. As of this date, defendant has not filed any opposition. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiff's motion to remand.

On January 26, 2011, *pro se* defendant Carlos Leon removed this unlawful detainer action, Case No. FG10524843, from Superior Court for Alameda County. This is the second time Mr. Leon has removed this case from state court. On October 12, 2010, Mr. Leon removed the unlawful detainer action, Case No. FG10524843, to this Court on the grounds of diversity jurisdiction. *The Bank of New York Mellon Trust Company National Association v. Carlos Leon*, Case No. 10-4613 (SBA). On January 11, 2011, Judge Armstrong adopted the report and recommendation of Magistrate Judge Laporte and remanded the case to Alameda County. *See* Case No. 10-4613, Docket Nos. 10. 16. In remanding

the action, the Court held that defendant's notice of removal was untimely and that there was no federal court jurisdiction over the state court unlawful detainer complaint. Docket No. 10; *see also* Docket No. 16.

In defendant's current notice of removal, he asserts that the Court has subject matter jurisdiction over this case under 28 U.S.C. section 1331 based on a United States Senate Bill, S 896 "Helping Families Save Their Homes Act of 2009." Docket No. 1 [Notice of Removal] at 3.

This case must be remanded to state court for the following reasons. First, plaintiff has already attempted removal once and failed. There is no basis for allowing Mr. Leon to file a second notice of removal where all potential grounds for removal – a federal statute enacted in May 2009 – were known at the time he filed his first notice of removal. Second, as Judge Armstrong found, Mr. Leon's original notice of removal was untimely. Therefore, Mr. Leon's second notice of removal of the same complaint must also be untimely.[1] Third, while Mr. Leon cites a federal statute as a basis for federal question jurisdiction in his most recent notice of removal, Mr. Leon has not demonstrated that the statute at issue provides a basis for removal jurisdiction. Pursuant to the well-pleaded complaint rule, the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). There are no federal claims alleged in the unlawful detainer complaint. Even if Mr. Leon has some kind of defense to the unlawful detainer action or a potential claim for relief against plaintiff in state court as a result of the federal statute, that fact does not allow for removal to federal court. *See, e.g.*, *United States v. City of Arcata*, 629 F.3d 986, 990 (9th Cir. Cal. 2010) ("The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case.").

Mr. Leon's current notice of removal is improper for multiple reasons. The Court GRANTS plaintiff's motion to remand. Mr. Leon's request to proceed *in forma pauperis* is DENIED as moot. The Clerk shall close this case. Mr. Leon is advised that if he makes another attempt to remove the unlawful detainer case to this Court, the Court will consider ordering him to pay the plaintiff's attorneys

---

[1] According to the state court docket, plaintiff has not filed a new or amended complaint which, theoretically, could restart the time for filing a notice of removal.

1  fees and costs incurred in moving to remand.

3  **IT IS SO ORDERED.**

5  Dated: March 23, 2011

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California